## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 3 C 7661 | **DATE** | 4/7/2004 |
| **CASE TITLE** | AIT Worldwide vs. Ramp Logic | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **Enter MEMORANDUM, OPINION AND ORDER: The motion to dismiss for lack of personal jurisdiction is granted. Herein the motion for improper venue or, in the alternative, for a change of venue is denied as moot. All other motions are denied as moot.**

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | APR - 9 2004 | |
| | Notified counsel by telephone. | | date docketed | 16 |
| ✓ | Docketing to mail notices. | | JS | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 2004 APR -8 PM 3:32 | date mailed notice | |
| TSA | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

AIT WORLDWIDE LOGISTICS, INC., )
)
    Plaintiff, )
)
v. ) No. 03 C 7661
)
RAMP LOGIC, INC., ) Wayne R. Andersen
) District Judge
    Defendant. )

APR - 9 2004

## MEMORANDUM, OPINION AND ORDER

This matter is before the Court on defendant Ramp Logic, Inc.'s motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) and for improper venue pursuant to Rule 12(b)(3) or, in the alternative, for a change of venue. For the following reasons, the motion to dismiss for lack of personal jurisdiction is granted. The motion for improper venue or, in the alternative, for a change of venue is denied as moot.

## BACKGROUND

Plaintiff AIT Worldwide Logistics, Inc. ("AIT") is an Illinois corporation with its principle place of business in Itasca, Illinois. AIT is in the business of providing freight and shipping services. Ramp Logic is a California corporation with its principal place of business in Southern California. Ramp Logic is in the business of manufacturing ramps and skateboard equipment.

AIT has filed a two count amended complaint against Ramp Logic alleging breach of contract and unjust enrichment. AIT alleges that it entered into a contract with Ramp Logic to provide shipping services, and pursuant to that contract, AIT states that it provided shipping

services to Ramp Logic for which Ramp Logic has failed to pay. Ramp Logic now seeks to dismiss AIT's amended complaint for lack of personal jurisdiction.

## DISCUSSION

When a defendant files a motion to dismiss a case for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating the existence of personal jurisdiction over the defendant. *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1276 (7th Cir. 1997). In assessing such a motion, the allegations in the complaint are to be taken as true unless controverted by a defendant's affidavit, and any conflicts are to be resolved in favor of plaintiff. *Turnock v. Cope*, 816 F.2d 332, 333 (7th Cir. 1987).

This Court cannot exercise jurisdiction over a defendant if it is improper under either the United States or Illinois Constitution. *Brandon Apparel Group, Inc. v. Quitman Mfg. Co. Inc.*, 42 F. Supp. 2d 821 (N.D. Ill. 1999). Because "there is no operative difference between the limits imposed by the Illinois Constitution and the federal limitations on personal jurisdiction," *Hyatt Intern. Corp. v. Coco*, 302 F.3d 707, 715 (7th Cir. 2002) (citation omitted), this Court will address a single due process inquiry. *Janmark, Inc. v. Reidy*, 132 F.3d 1200, 1202 (7th Cir. 1997). The United States Constitution's limitation on the exercise of personal jurisdiction over a non-resident defendant is through the due process clause of the Fourteenth Amendment. *RAR*, 107 F.3d at 1277. In order for a court to exercise personal jurisdiction over a non-resident defendant, due process requires that the defendant have "certain minimum contacts with [the state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Id.*, quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316

(1945). A court can acquire personal jurisdiction over a defendant through either general or specific jurisdiction.

A defendant is subject to general jurisdiction in Illinois only when it is either domiciled in Illinois, *Euromarket Designs, Inc. v. Crate & Barrel Ltd.*, 96 F. Supp. 2d 824, 833 (N.D. Ill. 2000), or when "the defendant has continuous and systematic general business contacts with the forum." *RAR, Inc.*, 107 F.3d at 1277 (citation and internal quotations omitted). AIT has not alleged that Ramp Logic has any offices or employees in Illinois or that Ramp Logic has continuous and systematic business contacts with Illinois. Thus, there is no basis for this Court to exercise general jurisdiction over Ramp Logic.

Alternatively, a defendant is subject to specific jurisdiction when it has "purposefully established minimum contacts with the forum State." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-77 (1985). In determining whether a defendant has sufficient minimum contacts with Illinois, courts should consider whether the defendant could "reasonably anticipate being hauled into court" in Illinois. *World-Wide Volkswagen Corp. v. Woodsen*, 444 U.S. 286, 297 (1980). "[An out-of-state party's contract with an in-state party is alone not enough to establish the minimum contacts." *RAR, Inc.*, 107 F.3d at 1277.

In its amended complaint, AIT alleges that Ramp Logic solicited AIT's services through a telephone call to AIT's offices in Illinois and that all negotiations, correspondence and telephone conversations in furtherance of the contractual relationship between the parties took place in their respective offices. AIT also alleges that all of the invoices related to the contract were generated in Illinois and mailed to Ramp Logic from AIT's Illinois office. However, no services were performed in Illinois. Other than these facts, no other contacts with Illinois were alleged.

3

The facts alleged in AIT's amended complaint are not sufficient to carry AIT's burden to establish specific jurisdiction. In *Federated Rural Elec. Inc. Corp. v. Inland Power & Light Co.*, 18 F.3d 389 (7th Cir. 1994), the Seventh Circuit rejected similar allegations as supportive of personal jurisdiction over the defendant, holding that "making telephone calls and mailing payments into the forum state are insufficient bases for jurisdiction." 18 F.3d at 395-96.

Likewise in *Stericycle, Inc. v. Sanford*, 2002 WL 31856720 (N.D. Ill. Dec. 20, 2002), the defendant argued that the court did not have personal jurisdiction over it due to the following factors: (1) all negotiations consisted of telephone calls and facsimile transmissions and did not take place in person in Illinois; (2) although the agreement was drafted by the plaintiff in Illinois, the defendant reviewed, revised and executed the contract in Pennsylvania; (3) all of the assets subject to the contract were located outside of Illinois; and (4) the contract required no performance in Illinois. 2002 WL 31856720, at *6. The court agreed that it did not have any personal jurisdiction over the defendant, holding:

> Viewing the contacts in their totality, the court cannot say that the [defendants] had such contacts as to make it foreseeable that they would be subject to suit in Illinois. While [defendants] initiated the discussions concerning the . . . Agreement, "[t]he constitutionality of jurisdiction does not turn on which party started it."
>
> * * *
>
> While the [defendants] did have frequent telephone and facsimile contact with [plaintiff] in Illinois, these communications related to the contract which was to be performed entirely outside of Illinois, a factor weighing against personal jurisdiction. Moreover, the [defendants] never traveled to Illinois in negotiating the contract, did not execute any part of the contract in Illinois and none of the Assets were located in Illinois.
>
> * * *
>
> If the court were to find personal jurisdiction it would, in essence, be simply asserting personal jurisdiction because an out-of-state party negotiated a contract with an in-state party. As the Supreme Court noted in *Burger King*, however,

4

contacts that result from such a contract are, in and of themselves, not sufficient to rise to the level of minimum contacts necessary for personal jurisdiction.

*Id.* at *6-7 (citations omitted). Similarly, in this case, AIT has failed to allege sufficient facts to support a finding of personal jurisdiction over Ramp Logic. The facts alleged by AIT to support a finding of specific jurisdiction are precisely the same factors that were considered and rejected by the courts in *Federated* and *Stericycle* as patently insufficient for purposes of personal jurisdiction. Thus, there is no basis for this Court to exercise specific jurisdiction over Ramp Logic.

## CONCLUSION

For all of the foregoing reason, Ramp Logic's motion to dismiss for lack of personal jurisdiction is granted. The motion for improper venue or, in the alternative, for a change of venue is denied as moot.

It is so ordered.

Wayne R. Andersen
United States District Judge

Dated: April 7, 2004